NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR VAZQUEZ BELLO; FABIOLA RUBI VAZQUEZ HUITRON; ROSA ALBA HUITRON GUIZAR; SALVADOR VAZQUEZ HUITRON; ANA KAREN VAZQUEZ HUITRON,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1230<br><br>Agency Nos.<br>A209-794-804<br>A209-794-803<br>A209-794-805<br>A209-794-806<br>A209-794-807<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2024[**]
San Francisco, California

Before: SILER[***], CLIFTON, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Salvador Vazquez Bello (Vazquez), collectively with his wife and their three children, all natives and citizens of Mexico, petitions for review of a final order of removal of the Board of Immigration Appeals (BIA). Vazquez asks us to conclude that the BIA erred when it determined that he did not suffer past persecution, that he failed to establish a well-founded fear of persecution, and that the harm he experienced was not because of his status as a non-cartel member perceived as a traitor. He also alleges that the Immigration Judge (IJ) and BIA both erred in failing to consider his daughter's independent claim. The parties are familiar with the facts, so we discuss them here only where necessary. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252(a). "When the BIA adopts an IJ's decision, but also adds its own reasoning, as occurred here, we review both decisions." *Kaur v. Ashcroft*, 388 F.3d 734, 736 (9th Cir. 2004). We review factual findings for substantial evidence and questions of law de novo. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020).

1. Vazquez's treatment did not rise to the level of past persecution because the two incidents he described were unfulfilled, vague threats that were not paired with violence.[1] In the first incident, a single member of the Knights Templar cartel

---

[1] Because Vazquez did not challenge the agency's findings as they pertain to his claims that he was harmed by, and fears future harm by, the New Generation cartel, he has forfeited any argument related to the agency's findings about the New Generation, and we consider only his arguments related to the Knights

approached Vazquez in his hometown and asked Vazquez if he was a member of the New Generation cartel. In the second incident, another member of the Knights Templar came to Vazquez's front door, accused him of giving information to the New Generation, and told him that he was a "dead man." While these incidents certainly induced fear, the threats themselves did not cause "significant actual suffering or harm," *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000), or "create a sense of immediate physical violence." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (finding that "a couple of serious threats" did not constitute persecution because the threats were made verbally, without weapons, physical touch, or other coinciding attacks). And although Vazquez believed that members of the Knights Templar were following him, this perceived following was not "repeated, specific, and combined with confrontation or [some] other mistreatment." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). These circumstances do not amount to past persecution.

2. While Vazquez's fear of future persecution is subjectively genuine, the continued well-being of his similarly-situated mother and uncle undermines its objective reasonableness. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("[A] petitioner's fear of future persecution is weakened, even undercut, when

---

Templar. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018) ("Petitioners do not raise this claim on appeal and have waived it.").

similarly-situated family members living in the petitioner's home country are not harmed.") (internal quotation marks and emphasis omitted). Vazquez testified that his mother still owns the land upon which he worked and about which he was threatened. Vazquez's uncle owned and worked a neighboring land plot, was present and physically restrained during Vazquez's confrontation with the cartel, and yielded to cartel pressure to stop working his land following the confrontation. Both still live in his hometown. Despite Vazquez's and his mother's shared situation and the "general similarities between the pattern of threats" levied against Vazquez and his uncle, neither his mother nor his uncle has been harmed. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Vazquez's fear of future persecution is therefore undercut. *See Aruta v. I.N.S.*, 80 F.3d 1389, 1395 (9th Cir. 1996) (holding evidence that "similarly situated members of the petitioner's family continued to reside without incident" in a petitioner's native country "strongly supports" the BIA's denial of asylum).

Because Vazquez failed to show past persecution or an objectively reasonable fear of future persecution, the IJ and BIA correctly denied his claim for asylum, and we need not reach the question of Vazquez's proposed particular social group.

3. Although Vazquez now argues that the IJ and BIA should have conducted an individualized assessment of his daughter's claim, he did not present this argument to the BIA, and therefore did not exhaust it. We lack jurisdiction to

consider his unexhausted claim. 8 U.S.C. § 1252(d)(1). And even if we did reach the merits of his claim, the record shows that Fabiola elected to proceed solely on Vazquez's application. Vazquez's argument is therefore unexhausted and meritless.

4. Because Vazquez did not challenge the agency's denial of his application for protection under the Convention Against Torture or withholding of removal, he waived those claims. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).

**PETITION DENIED.**